# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURENCE M. SIMON, | Civil Action No.: 05-5503 (JLL) |
| Petitioner, | |
| v. | **O P I N I O N   A N D   O R D E R** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Laurence M. Simon, a federal prisoner filing pro se, commenced this action on November 21, 2005 by submitting a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Petitioner's filing essentially asserts ineffective assistance of counsel at his sentencing that resulted in an incorrect estimated loss calculation upon which this Court based his sentence. Now, petitioner asks this Court to appoint counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. 3006A, to assist in this matter on grounds that petitioner lacks the ability and resources to present an effective case. In addition, petitioner requests a thirty (30) day extension of time to respond to this Court's January 20, 2006 Notice and Order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). The Court has considered the petitioner's letter application and for the reasons set forth below, petitioner's request for appointment of CJA counsel is denied without prejudice, and petitioner's request for a thirty (30) day extension of time to respond is granted.

Petitioner possesses neither a constitutional nor a statutory right to appointed counsel in this federal habeas corpus proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no

further"); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988

(1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus

proceedings"); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984), cert. denied, 469 U.S. 823

(1984) (finding appellant not entitled to attorney pursuant to the Sixth Amendment because state

post-conviction proceedings are civil in nature, where the Sixth Amendment only applies to

criminal cases).  The Court does, however, have the authority to appoint counsel in its discretion

pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3006A(2)(B).

18 U.S.C. § 3006A(2)(B) provides that counsel may be appointed to an indigent habeas

petitioner where the "interests of justice so require."[1]  The Third Circuit has explained that in

exercising its discretion under section 3006A,

> the district court must first decide if the petitioner has presented a nonfrivolous
> claim and if the appointment of counsel will benefit the petitioner and the court.
> Factors influencing a court's decision include the complexity of the factual and
> legal issues in the case, as well as the pro se petitioner's ability to investigate facts
> and present claims. Courts have held, for example, that there was no abuse of a
> district court's discretion in failing to appoint counsel when no evidentiary
> hearing was required and the issues in the case had been narrowed, or the issues
> were "straightforward and capable of resolution on the record," or the petitioner
> had "a good understanding of the issues and the ability to present forcefully and
> coherently his contentions."

Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991), cert. denied, 503 U.S. 988, 118 L. Ed.

2d 396, 112 S. Ct. 1679 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d)

(citations omitted).   This is essentially the same standard that is applied under 28 U.S.C. §

---

[1]Section 3006A(2) provides: "Whenever the United States magistrate judge or the court
determines that the interests of justice so require, representation may be provided for any
financially eligible person who . . .(B) is seeking relief under section 2241, 2254, or 2255 of title
28."

1915(e).[2] See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

Here, petitioner has not established himself as indigent or "financially eligible." While petitioner does mention in his February 8, 2006 letter to the Court that he is indigent and his wife and children are supported by his parents, he has not demonstrated to this Court by way of an application to proceed in forma pauperis along with a prison account statement that he is actually indigent. Nor has petitioner presented any other evidence he is financially unable to obtain counsel. The mere fact he is incarcerated is alone insufficient to support the appointment of pro bono counsel. See Christy v. Robinson, 216 F. Supp. 2d 398, 410-11 (D.N.J. 2002).

Because petitioner has not established that he is indigent, pursuant to 28 U.S.C.A. § 1915, or "financially eligible," pursuant to 18 U.S.C.A. § 3006A, his motion is hereby denied without prejudice.

As mentioned above, petitioner also requests an additional thirty (30) days in which to respond to this Court's Miller Notice and Order. Although petitioner has not set forth any basis for such an extension, in the interests of justice the extension is granted for such period.

**THEREFORE IT IS** on this 24th day of February, 2006, hereby

**ORDERED** that petitioner's application for appointment of counsel is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court supply petitioner with a blank in forma pauperis application form; and it is further

**ORDERED** that by April 5, 2006 petitioner shall respond to this Court's Miller Notice and Order dated January 20, 2006, and if no such response is received this Court shall rule upon

---

[2]See also Loc. Civ. R. 54.3, Comment 4.

-3-

the pleading and motion as filed.

DATED: February 24, 2006

_____
JOSE L. LINARES, U.S.D.J.